# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD PARKS and OPAL PARKS,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case number 4:05cv0939 TCM ) |
| **NOVA GUIDES, INC., and TOP OF THE ROCKIES OF VAIL, INC.,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Pending in this diversity personal injury action is a motion by defendants, Nova Guides, Inc. ("Nova"), and Top the Rockies of Vail, Inc. ("TRV"),[1] both Colorado corporations, to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[2] [Doc. 5]

### Background

The facts relevant to a resolution of the pending motion are not disputed.

Richard Parks alleges in his complaint that he rented an all-terrain vehicle ("ATV") from Nova and TRV in Vail, Colorado. (Compl. ¶ 3.) He was driving that ATV near Leadville, Colorado, when it flipped over and landed on him, causing him serious and

---

[1]This defendant is referred to by plaintiffs as "Top of the Rockies of Vail, Inc." The defendant asserts its proper name is "Top the Rockies of Vail, Inc." The Court will employ this name.

[2]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

permanent injuries. (Id. ¶¶ 4, 6.) He attributes these injuries, and the resulting damages, to Nova's and TRV's negligence (Counts I and III) and breach of implied and express warranties (Count II). His wife, plaintiff Opal Parks, seeks damages for her loss of consortium sustained as a result of Richard's injuries (Count IV).

Gregory A. Caretto, the Secretary-Treasurer of Nova and TRV, avers that both are Colorado corporations with their principal place of business in Red Cliff, Colorado. (Mot. Ex. A ¶ 3.) The ATV driven by Richard was rented and operated by him in Colorado. (Id. ¶ 6.) The rental agreement was signed by Richard in Colorado. (Id.) Neither Nova nor TRV have any employees or agents, bank accounts, offices, tangible personal or real property, or telephone number in the State of Missouri. (Id. ¶¶ 8-13.) Neither corporation advertises or solicits business in this State. (Id. ¶ 15.) Neither has "entered into any contracts to provide services or to furnish materials" in this State. (Id. ¶ 14.) Nova, however, has a website which can be accessed in this State. (Id. ¶ 16.) The website, www.novaguides.com, outlines the seasonal activities and lodging and dining options offered by Nova. (Mot. Ex. B.) The home page lists a toll-free telephone number for Nova and has a link labeled "Contact Nova." (Id. at 1.) The "Contact Nova" page includes spaces for a website visitor to list his or her name, company, telephone number, fax number, and e-mail address. (Mot. Ex. C.) The visitor may also mark which of ten activities he or she is interested in and may include comments. (Id.) That information is then sent over the Internet to Nova. (Id.)

Nova and TRV argue that their lack of contacts with the State of Missouri and the non-interactive nature of Nova's website deprive this Court of jurisdiction over the Parks' claims arising from the rental and operation of an ATV by Richard in Colorado.

**Discussion**

"When personal jurisdiction is challenged, the plaintiff has the burden to show jurisdiction exists." **Burlington Indus., Inc. v. Maples Indus., Inc.**, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing Gould v. P. T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir. 1992)). To survive a motion to dismiss challenging personal jurisdiction, "the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." **Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.**, 89 F.3d 519, 522 (8th Cir. 1996). "The plaintiff's prima facie showing must be tested, not by pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." **Dever v. Hentzen Coatings, Inc.**, 380 F.3d 1070, 1072 (8th Cir. 2004) (interim quotations omitted). Accord **Stevens v. Redwing**, 146 F.3d 538, 543 (8th Cir. 1998). When determining whether the plaintiff has made such a showing, the court must view the evidence in the light most favorable to the plaintiff and must resolve factual conflicts in the plaintiff's favor. **Digi-Tel Holdings, Inc.**, 89 F.3d at 522.

The Court is guided by two primary rules when deciding whether to exercise personal jurisdiction over a nonresident defendant: first, the forum state's long-arm statute must be satisfied, and, second, due process must not be violated. **Id.** The "'ultimate objective'" of Missouri's long arm-statue[3] is "'to extend the jurisdiction of the courts of [Missouri] over

---

[3]Missouri's long arm statute, Mo.Rev.Stat. § 506.500, provides, in relevant part as follows:

1.  Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any

nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.'" **Clune v. Alimak AB**, 233 F.3d 538, 541 (8th Cir. 2000) (quoting State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)) (alteration added). Accord **Missouri ex rel. Nixon v. Beer Nuts, Ltd.**, 29 S.W.3d 828, 833 (Mo.Ct.App. 2000). "Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction." **Clune**, 233 F.3d at 541. Thus, this Court's inquiry into whether the assertion of personal jurisdiction over Nova and TRV satisfies Missouri's long-arm statute is coextensive with its inquiry into whether the assertion satisfies due process. See **Bell v. Imperial Palace Hotel/Casino, Inc.**, 200 F.Supp.2d 1082, 1085 (E.D. Mo. 2001); **Enterprise Rent-A-Car v. Stowell**, 137 F.Supp.2d 1151, 1155 (E.D. Mo. 2001); **Uncle Sam's Safari Outfitters, Inc. v. Uncle Sam's Army Navy Outfitters-Manhattan, Inc.**, 96 F.Supp.2d 919, 921 (E.D. Mo. 2000).

To satisfy due process, the plaintiff must demonstrate "minimum contacts" between the nonresident defendant and the forum state. **International Shoe Co. v. Washington**, 326 U.S. 310, 316 (1945); **Dever**, 380 F.3d at 1073. In determining whether such a showing has been made, this Court should exam (1) the nature and quality of contacts with the forum

---

cause of action arising from the doing of any of such acts:

    (1)    The transaction of any business within this state;

    (2)    The making of any contract within this state;

    (3)    The commission of a tortious act within this state; . . .

state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. **Burlington Indus., Inc.**, 97 F.3d at 1102. The first three considerations are of primary importance. **Id.** Moreover, the underlying inquiry under this "minimum contracts" standard is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." **World-Wide Volkswagen Corp. v. Woodson**, 444 U.S. 286, 297 (1980). If defendant's activities do create sufficient minimum contacts, the Court must then consider whether the exercise of personal jurisdiction over that defendant offends "traditional notions of fair play and substantial justice." **International Shoe**, 326 U.S. at 316.

"The Supreme Court has set forth two theories for evaluating minimum contacts, general jurisdiction and specific jurisdiction." **Dever**, 380 F.3d at 1073. Specific jurisdiction requires that Richard's injuries "occurred within or had some connection" to Missouri. **Id.** They did not. Richard alleges he was injured when operating in Colorado an ATV rented in Colorado from two Colorado corporations. Caretto avers, without contradiction, that the rental agreement between Richard and Nova and TRV was executed in Colorado. The only implied connection with Missouri is the Parks' assumed residency in this State.[4] Clearly, there is no specific jurisdiction. See **Bell**, 200 F.Supp.2d at 1087-89 (finding that Eastern District of Missouri lacked specific jurisdiction over plaintiffs' claims

---

[4] Plaintiffs do not allege that they are residents of Missouri. The Court will assume such since they filed suit in this District and there is no allegation of any Missouri connection with the underlying accident.

arising from injuries sustained in fall in Nevada hotel; only contact by hotel with Missouri was website that was accessible to Missouri residents and which allowed people accessing website to make reservations).  See also **Young v. New Haven Advocate**, 315 F.3d 256, 261 (4th Cir. 2002) (finding no specific jurisdiction in district court of Virginia over lawsuit filed by Virginia resident alleging Connecticut newspaper had defamed him in two articles posted on newspaper's website; court rejected plaintiff's claim that jurisdiction existed because articles would be read by Virginia residents and would therefore expose him to public hatred, contempt, and ridicule).

"General jurisdiction . . .refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." **Lakin Prudential Securities, Inc.**, 348 F.3d 704, 707 (8th Cir. 2003) (alteration added) (interim quotations omitted).  General jurisdiction may exist if the defendant's contacts with the forum state are continuous and systematic.  **Helicopteros Nacionales de Columbia, S.A. v. Hall**, 466 U.S. 408, 416 (1984); **Epps v. Stewart Info. Servs. Corp.**, 372 F.3d 642, 648 (8th Cir. 2003); **Lakin**, 348 F.3d at 709.  That determination, in turn, requires an analysis of the "'nature and quality'" of a website "and a determination of whether it is 'interactive,' 'does business,' or is merely 'passive.'"  **Id.** at 711.  It also requires an analysis of "'the quantity of the contacts, the nature and quality of the contacts, and the source and connection of the cause of action with those contacts.'"  **Id.** (quoting Aftanase v. Econ. Baler Co., 343 F.2d 187, 197 (8th Cir. 1965) (written by then-Judge Harry Blackmun)).

The Nova website is neither inactive nor "merely passive."  A prospective client may use the website to send identifying information which would enable Nova to reply to his or

her interest in its activities and accommodations.[5] A prospective client may *not* use the website to make reservations. A toll-free number is provided for that purpose. Using a website to request information is no more sufficient to establish general jurisdiction than would be using a toll-free telephone number. "'[U]se of the mail or telephone communications, without more, does not constitute the transaction of business for purposes of long-arm jurisdiction in Missouri.'" **Global Media Group, Inc. v. Express Tax Serv., Inc.**, 2005 WL 2452542 at *3 (E.D. Mo. Oct. 4, 2005) (quoting Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 119 (Mo.Ct.App. 2002)) (alteration added). See also **GTE New Media Services, Inc. v. BellSouth Corp., et al.**, 199 F.3d 1343, 1349-50 (D.C. Cir. 2000) (cautioning that "personal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in this District," and comparing access to a website to being "nothing more than a telephone call by District resident to the defendants' computer servers"); **Mink v. AAAA Dev. LLC**, 190 F.3d 333, 336-37 (5th Cir. 1999) (finding no personal jurisdiction in suit filed against nonresident defendant basing claim of jurisdiction on defendant's website that provided (a) information about the defendant's business, including its toll-free telephone number, its mailing address, and its electronic mail address, and (b) a printable mail-in order form); **Cybersell, Inc. v. Cybersell, Inc.**, 130 F.3d 414, 419-20 (9th Cir. 1997) (finding no personal jurisdiction over nonresident defendant based only on defendant's website; the interactivity of the web page was limited to receiving the

---

[5]The Court notes that there is no allegation that the Parks used this website.

browser's name and address and an *indication* of interest); **Uncle Sam's**, 96 F. Supp.2d at 922-23 (declining to exercise personal jurisdiction over a nonresident defendant who published a website, denominated with an allegedly infringing retail name, that was accessible to anyone with Internet access and that included a toll-free telephone number to place an order; it was not then possible to place an order over the website, although it was possible to view available merchandise on the site, and there was no evidence that anyone from Missouri had accessed the site). Cf. **CompuServe, Inc. v. Patterson**, 89 F.3d 1257, 1265 (6th Cir. 1996) (finding personal jurisdiction in Ohio over nonresident defendant who chose to enter into a contract with an Ohio-headquartered company and who subsequently transmitted his product over the Internet to that company); **American Eyewear, Inc. v. Peeper's Sunglasses and Accessories, Inc.**, 106 F.Supp.2d 895, 901 (N.D. Tex. 2000) (finding that the exercise of personal jurisdiction satisfied due process in case in which allegedly infringing website allowed the users to submit via the site product order forms that contained credit card and shipping information and allowed users to communicate via e-mail with publisher's employees and in which publisher of website shipped its products directly to homes of forum state's residents).

The only basis for this Court's exercise of general jurisdiction over Nova and TRV is Nova's website. As set forth above, this website is not of such a nature to support jurisdiction.

Asserting only a "good faith" belief that this Court has jurisdiction, Plaintiffs request that they be granted an opportunity to conduct limited discovery on the issue of whether Nova and TRV conduct business in Missouri.

"If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." **Toys "R" Us, Inc. v. Step Two, S.A.**, 318 F.3d 446, 456 (3rd Cir. 2003) (alteration in original) (interim quotations and citations omitted). See also **Gorman v. Ameritrade Holding Corp.**, 293 F.3d 506, 513 (D.C. Cir. 2002) (finding that jurisdictional discovery should have been granted *after* plaintiff showed it could supplement its jurisdictional allegations through discovery).

The only alleged basis for asserting personal jurisdiction over Nova and TRV is Nova's website. This website permits a one-direction only conduit for potential customers to request further information from Nova. In addition to not alleging that Plaintiffs accessed this website and requested information, Plaintiffs have not supported their request for discovery with any specific allegations of what that discovery might reveal that would support their claim of jurisdiction. Cf. **Lakin**, 348 F.3d at 712 (finding that jurisdictional discovery should have been permitted because such discovery might reveal whether Missouri customers of defendant completed on-line applications for home-equity loans and lines of credit). Plaintiff's conclusory request will be denied.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' request for jurisdictional discovery is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. [Doc. 5]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

          /s/ Thomas C. Mummert, III
          THOMAS C. MUMMERT, III
          UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2005